# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1124V
Filed: May 5, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | |
| GARY HELVIG, | * | |
| | * | Dismissal; Influenza ("Flu") Vaccine; |
| Petitioner, | * | Shoulder Injury Related to Vaccine |
| | * | Administration ("SIRVA"). |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | * | |

*Andrew Downing Esq.,* Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Claudia Gangi, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Roth,** Special Master:

On August 21, 2017, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that an influenza ("flu") vaccination caused him to develop a shoulder injury related to vaccine administration ("SIRVA") ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program. On May 3, 2021 petitioner filed a Motion for Dismissal Decision requesting that his case be dismissed. ECF No. 44.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

To receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover evidence that petitioner suffered a "Table Injury."

In this instance, petitioner requested a fact ruling on the record to clarify issues of onset. ECF Nos. 34-35. A Finding of Facts and Ruling on Onset was issued on February 22, 2021, finding that petitioner's onset of shoulder pain was not within 48 hours of his October 22, 2015 flu vaccination. ECF No. 41. Because the onset finding did not support a Table Injury, petitioner was required to file a medical expert opinion to support his claim. *See* § 13(a)(1).

Petitioner did not file a medical expert opinion to support his claim. On May 3, 2021, petitioner filed a Motion for Dismissal Decision, stating that an investigation has demonstrated that petitioner will likely be unable to succeed on his claim in the Vaccine Program. ECF No. 44.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master
