# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1124V
Filed: August 12, 2021

* * * * * * * * * * * * *
| | | |
|---|---|---|
| GARY HELVIG, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * *

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Claudia B. Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On August 21, 2017 petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"), alleging that the influenza vaccination he received on October 22, 2015, caused him to develop a shoulder injury related to vaccine administration. *See* Petition (ECF No. 1). On May 3, 2021, petitioner filed a Motion for Dismissal Decision requesting that his case be dismissed. ECF No. 44. The undersigned filed her decision on May 5, 2021 dismissing the petitioner's case for insufficient proof. (ECF No. 45).

On May 13, 2021, petitioner filed an application for final attorneys' fees and costs. (ECF No. 48) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $26,297.13 (representing $25,667.00 in attorneys' fees and $630.13 in costs). Fees App. at 3.

---

[1] The undersigned intends to post this Decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Pursuant to General Order No. 9, petitioner warrants he has not personally incurred any costs in pursuit of this litigation. *Id*. Respondent responded to the motion on May 24, 2021, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 49). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although the petition was eventually dismissed, the undersigned does not doubt the claim was filed in a good faith belief that his influenza vaccination contributed to his shoulder injury, and the claim had a reasonable basis to proceed for as long as it did. Respondent also has not contested the good faith or reasonable basis of the claim. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, the undersigned previously ruled that good faith and reasonable basis both existed when awarding interim fees on October 31, 2019. The work done by counsel since that point was also reasonable, and therefore petitioner is entitled to a final award of reasonable attorneys' fees and costs.

## II. Discussion

### A. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[2]

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Andrew Downing, $350.00 per hour for work performed in 2016, $375.00 per hour for work performed in 2017, $385.00 per hour for work performed in 2018-2021; and for Ms. Courtney Van Cott, $195.00 per hour for work performed in 2017 and 2018, $205.00 per hour for work performed in 2019, and $275.00 per hour for work performed in 2020 and 2021. These rates are consistent with what Mr. Downing and Ms. Van Cott have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein. *See, e.g., Olschansky v. Sec'y of Health & Human Servs.*, No. 17-1096V, 2020 WL 1027681 (Fed. Cl. Spec. Mstr. Feb. 21, 2020).

### B. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health &*

---

[2] The 2015-2020 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

3

*Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be largely reasonable. The timesheet entries are sufficiently detailed for an assessment to be made of the entries' reasonableness. However, a small reduction is necessary due to excessive paralegal time billed. Paralegals billed time on administrative tasks such as preparing and filing documents. Paralegal time was also excessive for preparation of routine filings and for review of routine court orders. These issues have previously been raised with the Van Cott & Talamante firm. *Sheridan v. Sec'y of Health & Human Servs.*, No. 17-669V, 2019 WL 948371, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); *Moran v. Sec'y of Health & Human Servs.*, No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). Therefore, a reduction of $500.00 is being made for excessive billing for paralegal time.

C.     **Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $630.13 in costs for postage and the Court's filing fee. The undersigned finds these costs reasonable and supported with adequate documentation. Accordingly, petitioner is entitled to the full amount of costs sought.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned hereby awards **a lump sum of $25,797.13, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and Mr. Andrew D. Downing, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master